RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 7/20/07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Jennifer Kennedy | Civil Action No. 07-961 |
| versus | Judge Tucker L. Melançon |
| Robin Strong, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is plaintiff's Motion to Remand [Rec. Doc. 6]; and defendants' Memorandum in Opposition thereto [Rec. Doc. 9]. For the reasons that follow, plaintiff's Motion [Rec. Doc. 6] will be GRANTED.

### I. STATEMENT OF FACTS

On May 7, 2007 plaintiff filed her original petition for damages in the 15th Judicial District Court, Parish of Lafayette, State of Louisiana [Rec. Doc. 1, attached State Court Petition]. In her original petition, plaintiff alleges various state law causes of action, consisting of sexual harassment, assault, battery, intentional infliction of emotional distress, and invasion of privacy. [*Id.*]. On or about June 6, 2007, a Notice of Removal, was filed by defendants, Robin Strong and the State of Louisiana, through the Louisiana State University Medical Center, Health Sciences Center and University Medical Center-Lafayette [Notice, Rec. Docs. 1, 2; Removal Order, Rec. Doc. 3].

Plaintiff filed a Motion to Remand [Rec. Doc. 6], alleging that removal is inappropriate on the basis that she does not allege any federal cause of action in her original

1

petition. (*Plaintiff's Motion*, p. 1).

Defendants oppose that plaintiff did not specify with particularity whether she was proceeding under state law or federal law and states that "if Plaintiff is wiling to enter into a stipulation that she is not seeking, and has no intention of seeking, damages pursuant to any federal laws, the Defendants would concede that the Court does not have subject matter jurisdiction." (*Defendants' Opposition*, p.1).

## II. STANDARD FOR REMAND

After the removal of a matter to federal court, a plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447©. Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995); *Webb ex rel. Groth v. City of Leland, Mississippi*, 2004 WL 3092767, 1 (N.D. Miss. 2004). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir.1996); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941).

Whether a claim arises under federal law so as to confer federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). The plaintiff is "the master of her complaint," and, as such, "[a] determination that a

cause of action presents a federal question depends upon the allegations of the plaintiff's well-pleaded complaint." *Medina v. Ramsey Steel Co., Inc.* 238 F.3d 674, 680 (5th Cir. 2001)(citing *Carpenter v. Wichita Falss Indep Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). When a plaintiff has a choice between federal and state law claims, she may proceed in state court "on the *exclusive* basis of state law, thus defeating the defendant's opportunity to remove." *Id.* (emphasis added). Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action. *Id.*

While federal law itself creates the cause of action in the majority of federal question cases, federal question jurisdiction may also exist where "the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

### III. LAW & ANALYSIS

In considering whether a federal question is presented on the face of the plaintiff's properly pleaded complaint, the Court finds, based on the record before it: (1) plaintiff has not alleged any federal causes of action in her petition, but only alleges causes of action for sexual harassment, assault, battery, and intentional infliction of emotional distress available under state law; (2) as stated in the Motion to Remand, plaintiff acknowledges that she may have a sexual harassment claim under Title VII, but she has chosen not to file a charge with the EEOC nor a sexual harassment claim under federal law, but has only sent out state notice

3

letters as required under La. R.S. 23:303; (3) plaintiff has not alleged punitive damages in her petition for damages but has only alleged damages that are recoverable under Louisiana state law. (*Plaintiff's Motion*, pp 3-5).

Plaintiff is the master of her claim and she can elect to proceed in state court on the exclusive basis of state law if she so chooses, which in this case, she has clearly and expressly done. Defendants have not met their burden of proving that a federal right is an essential element of plaintiff's causes of action so as to establish that federal jurisdiction exists over this matter. Defendants only repeatedly allege that while plaintiff claims she is only proceeding under state law, she has "not clarified by her pleadings as to the law under which she is proceeding." (*Defendants' Opposition*, pp. 1-2). Additionally, based on plaintiff's representations in her Motion to Remand that she intends to proceed in state court on the basis of state law exclusively, the Court finds it unnecessary to require plaintiff to enter into a stipulation, as requested by defendants, that she is not seeking, and has no intention of seeking, damages pursuant to any federal laws.

## IV. CONCLUSION

For the foregoing reasons, as the well-pleaded complaint rule governs and the Court finds that plaintiff's Petition do no raise issues of federal law, this Court lacks subject matter jurisdiction. Therefore, plaintiff's Motion to Remand will be GRANTED and the matter will be remanded to the 15th Judicial District Court, Parish of Lafayette, State of Louisiana.